UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ADAM LEE PASSARELLI,

        Petitioner,                    Case No. 1:23-cv-859

v.                                        Honorable Sally J. Berens

NATE STEVENSON,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254.

By order entered August 15, 2023, (ECF No. 3), the Court advised Petitioner of a deficiency: he had failed to pay the $5.00 filing fee or seek leave to proceed *in forma pauperis*. The Court directed Petitioner to correct that deficiency on or before September 12, 2023. Petitioner failed to comply timely. Nonetheless, as set forth fully herein, Petitioner has filed several other actions in this Court. Having reviewed those actions, and Petitioner's requests to proceed *in forma pauperis* in those cases, it reasonably appears that paying the cost of this filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Accordingly, the Court will grant Petitioner leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.13.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case ...." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties

to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition because Petitioner is not "in custody" pursuant to the conviction he is challenging and, therefore, the Court does not have jurisdiction to consider his petition.

Petitioner Adam Passarelli is incarcerated with the Michigan Department of Corrections at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Jackson County, Michigan. Petitioner pleaded *nolo contendere* in the Muskegon County Circuit Court to a charge of assault with intent to do great bodily harm (AGBH), in violation of Mich. Comp. Laws § 750.84. On May 8, 2023, the court sentenced Petitioner as a third habitual offender, Mich. Comp. Laws § 769.11, to a prison term of 6 years, 4 months to 20 years, with credit for time served of 357 days. *See* Case Details,

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and ... not tak[ing] an opinion on the meaning of 'parties' in other contexts").

*State of Michigan v. Passarelli*, No. 2022-0000002580-FH (Muskegon Cnty Cir. Ct.), https://www.co.muskegon.mi.us/1523/Online-Case-Search (select "Circuit Court Case Search;" enter "Last Name" Passarelli, "First Name" Adam, select "Search;" select "Case ID" 2022-0000002580-FH; last visited Sept. 14, 2023).

Although that is the conviction and sentence that has resulted in Petitioner's custody, it is not the conviction and sentence he is challenging. Indeed, Petitioner is challenging that conviction and sentence under 28 U.S.C. § 2254 in a separate proceeding: *Passarelli v. Gibbons*, No. 1:23-cv-858 (W.D. Mich.). The approved form petition that Petitioner completed and filed to commence this action invited him to provide details regarding the conviction he was challenging. (Pet., ECF No. 1, PageID.1.) He provided six details: (1) the court that entered the judgment of conviction was in Muskegon County; (2) the case number was 2023000350; (3) the date of the judgment of conviction was May 8, 2023; (4) the charge was destruction of property and he was informed of a fourth habitual offender sentence enhancement; (5) the case was dismissed; and (6) he entered a plea of *nolo contendere*.

A search of the Muskegon County Circuit Court records reveals that there is no such criminal prosecution with the case number Petitioner identifies. The only judgment of conviction that was entered against Petitioner on May 8, 2023, is the AGBH conviction being challenged in his other habeas petition. The only Muskegon County prosecution that has resulted in Petitioner entering a plea of *nolo contendere* is the AGBH prosecution. But there is another prosecution where Petitioner was charged with malicious destruction of police property (MDOPP), in violation of Mich. Comp. Laws § 750.377b: *State of Michigan v. Passarelli*, No. 2023-0000000905-FH (Muskegon Cnty. Cir. Ct.). *See* https://www.co.muskegon.mi.us/1523/Online-Case-Search (select "Circuit Court Case Search;" enter "Last Name" Passarelli, "First Name" Adam, select "Search;"

4

select "Case ID" 2023-0000000905-FH; last visited Sept. 14, 2023). And that case was dismissed, but on March 20, 2023, not May 8, 2023.

Petitioner does not provide any facts regarding the MDOPP charge in his petition. Petitioner has filed a parallel civil rights complaint under 42 U.S.C. § 1983 that includes some of the underlying facts: *Passarelli v. Stephenson et al.*, No. 1:23-cv-910 (W.D. Mich.). In that case, Petitioner reports that, while he was detained in the Muskegon County Jail pending the AGBH prosecution, on January 8, 2023, Petitioner lent a tablet that the jail had provided to him to another prisoner. When Petitioner received it back, the screen was broken. Petitioner was charged with MDOPP for the broken tablet screen.

The Court-approved petition form also asks the filer to identify the grounds for habeas relief. Petitioner left that part of the form blank. (*See* Pet., ECF No. 1, PageID.5–11.) It is certainly curious why Petitioner would challenge a conviction that never happened on grounds he never states, but looking back over Petitioner's other lawsuits, the reason is apparent.

At the end of June 2023, Petitioner filed a cryptic one-page document. To protect Petitioner's rights, the Court accepted the document and docketed it as a complaint in *Passarelli v. Gibbons et al.*, No. 1:23-cv-716 (W.D. Mich.). It was difficult to discern exactly what Petitioner wanted the Court to do; but it was apparent that he believed he had been wrongly convicted and sentenced and that he had been subject to assaults and false accusations while he was in the Muskegon County Jail. By order entered July 18, 2023, the Court advised Petitioner to clarify his position. The Court sent Petitioner the approved form for filing a complaint under 42 U.S.C. § 1983 as well as the approved form for obtaining habeas relief. The Court advised Petitioner that, to the extent he was challenging his conviction and sentence, the proper means of presenting such a challenge was by way of a habeas petition under 28 U.S.C. § 2254. The Court informed Petitioner

5

that his cryptic one-page submission did not suffice to state either type of claim. The Court directed Petitioner to file amended pleadings that provided sufficient detail to permit the Court to address his claims, whatever they might be.

Petitioner took that direction to heart. He filed two amended complaints and two habeas petitions, including this one.

For a federal court to have jurisdiction to grant a petition for a writ of habeas corpus under Section 2254, a petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted this to mean that "the habeas petitioner must be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (emphasis added) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). Here, Petitioner was not in custody under the conviction being attacked at the time that he filed his petition.[2] Thus, this Court does not have jurisdiction to consider his petition.

## I. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine

---

[2] This Court's jurisdiction "depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) (internal quotation marks omitted) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)).

whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, for the same reasons the Court concludes that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated:   September 25, 2023          /s/ Sally J. Berens
                                      SALLY J. BERENS
                                      United States Magistrate Judge